JOHN W. HUBER, United States Attorney (#7226)
STEWART C. WALZ, Assistant United States Attorney (#3374)
AARON B. CLARK, Assistant United States Attorney (#15404)
RUTH J. HACKFORD-PEER, Assistant United States Attorney (#15049)
TYLER MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
111 South Main, Suite 1800
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.  2:17-CR-00037-RS |
| Plaintiff, | : | |
| v. | : | UNITED STATES REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO |
| CLAUD R. KOERBER, | : | PREVIOUS SPEEDY TRIAL ACT VIOLATIONS |
| Defendant. | : | |
| | | Judge Robert Shelby |
| | | Magistrate Judge Paul M. Warner |

The United States, by the undersigned AUSAs files its reply to the Defendant Koerber's Response to the Motion in Limine to exclude Evidence Relating to the Previous Speedy Trial Act Violation.  The Defendant asserts the evidence is "relevant for two reasons: (1) it evidences government misconduct and (2) it is demonstrative of the prejudice faced by Mr. Koerber." (Defendant's Response, 3).  Neither is a reason to allow the jury to hear evidence that is not properly cognizable by a jury.

- 1 -

To begin, government misconduct that is so outrageous as to constitute a constitutional violation is not a question for a jury but for a court. *United States v. Salazar*, 720 F.2d 1482, 1488 (10th Cir. 1983). In *Salazar*, the court rejected the defendant's argument that the outrageous conduct issue should have been submitted to the jury. In doing so, the court wrote, "We reject defendant's contention because it is well settled that this question is for the court to decide." *Id.* Numerous Circuits agree that the issue of outrageous government conduct was a question for the court. *United States v. Swiatek*, 819 F.2d 721, 726 (7th Cir. 1987) (citing cases from the First, Second, Fifth, Eighth, Ninth and Tenth Circuits).

It would be odd indeed if Defendant, who could not present to a jury evidence of outrageous government conduct that could violate the constitution, could ask a jury to determine how a violation of the STA could impact his guilt. The Speedy Trial Act is not a recognized defense to any of the charges in the indictment. Furthermore, Defendant has received his remedy, dismissal of the prior indictment.

Much the same can be said for Defendant's assertion that evidence of prejudice to him should be presented to the jury. There are no standards the United States is aware of that would help a jury determine what it should do with such prejudice vis a vis guilt, assuming such prejudice exists. Judge Parrish found Defendant was equally responsible for the delay in the prior case. Is he more guilty because of that? It appears Defendant wants to ask the jury to nullify the evidence against him because he was prejudiced by a violation of a statute that provides no defense at trial. Of course, an argument for jury nullification is not available to any defendant, and Defendant is no different. The law in the Tenth Circuit is clear that a defendant is not entitled to jury nullification. *United States v. Rith*, 164 F.3d 1323, 1338 (10th Cir. 1999), ("To the extent the

- 3 -

defendant's appeal seeks to permit jury nullification, the law is clear: a criminal defendant is not entitled to have the jury instructed that it can, despite finding the defendant guilty beyond a reasonable doubt, disregard the law."); *United States v. Mason*, 85 F.3d 471, 473 (10th Cir. 1996) ("Such a power [to nullify], if exercised, would conflict with the jurors' sworn duty to apply the law to the facts, regardless of outcome.").

As stated in the Motion of the United States, the question for the jury will be whether Defendant committed the crimes charged in the Indictment. Much as he would like to make the case a referendum on the conduct of the United States, unless that conduct forms the basis of a recognized defense, he may not do so. The Motion In Limine should be granted.

DATED this 26th day of July, 2017.

JOHN W. HUBER
United States Attorney

/s/ *Stewart C Walz*
RUTH HACKFORD-PEER
STEWART C. WALZ
TYLER MURRAY
AARON CLARK
Assistant United States Attorneys