Gregory G. Skordas, gskordas@schhlaw.com, #3865
Rebecca Hyde Skordas, rskordas@schhlaw.com, #6409
**SKORDAS, CASTON & HYDE, LLC**
560 South 300 East, Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 531-8885
*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CLAUD R. KOERBER, Defendant. | Case No. 2:17-CR-00037  **MOTION IN LIMINE TO EXCLUDE USE OF THE TERMS "PONZI" OR "PONZI SCHEME"**  Judge Robert W. Shelby Magistrate Judge Paul M. Warner |

Defendant, Claud R. Koerber, by and through his attorney of record, Rebecca H. Skordas, hereby Motions this Court for an order excluding use of the terms "Ponzi" or "Ponzi Scheme." For the last ten years the government has repeatedly characterized Mr. Koerber's businesses to the public as a "Ponzi-scheme" and the pending indictment uses the terms "ponzi scheme" [sic], Doc. 1 at 4, and "ponzi payment" [sic] or "ponzi payments" [sic]. *Id*. at 6, 8. However, the term is not used in the relevant statutes charging the alleged Counts 1-18, and it is not used as a term definitively describing any of the elements of the crime in governing law.

This motion should be granted for the following reasons: (1) the use of the term "Ponzi" is not relevant under Federal Rule of Evidence 401, (2) any potential relevancy under Rule 401 is substantially outweighed by other concerns under Rule 403, (3) the term itself represents a predetermined legal conclusion and opinion that fraud is presumed, and if offered by a lay

1

witness, it is impermissible under Rule 701. If offered by an appropriately qualified expert, it remains inadmissible under Rule 704(b) as an opinion on the ultimate issue.

## ARGUMENT

Rule 401 of the Federal Rules of Evidence states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Rule 403 of the Federal Rules of Evidence allows for the exclusion of relevant evidence if, "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. The Court is within its discretion to limit the use of certain terminology where the terminology is inflammatory and excessive. See e.g. *Dowdy v. Coleman Co.,* No. 1:11CV45DAK, 2012 WL 5944232, at *9 (D. Utah Nov. 28, 2012) (The Court prohibited the use of the phrase "death machines" and cautioned Plaintiff's counsel on overuse of the words "kill" or "killed" in a wrongful death action). *See also United States v. Zabawa*, 39 F.3d 279, 285 (10th Cir. 1994) (Recognizing courts have the authority to strike language that is inflammatory and prejudicial.)

## ANALYSIS

In the present matter, Defendant, Claud R. Koerber, requests the Court prohibit the use by prosecutors. in spoken word, exhibits or otherwise, of the phrase "Ponzi" or "Ponzi scheme" and the terms "Ponzi payment" or "Ponzi payments" and that the Court prohibit all efforts to elicit the use of the word "Ponzi" from witnesses. These terms are irrelevant, unnecessary, and prejudicial. The term "Ponzi" or "Ponzi Scheme" is a culturally pejorative and prejudicial term, associated only with presumed criminal activity and its use therefore weighs against Mr. Koerber's presumed innocence, and the rules of evidence discussed below. Further,

the terms are not relevant to any charged offense or any element of any of the charged offenses. The terminology is simply a recognizable shorthand for a certain type of presumably fraudulent scheme. *See e.g. United States v. Weiner*, 988 F.2d 629, 631 (6th Cir. 1993)("A "Ponzi" scheme is fraud"); *Mosier v. Callister, Nebeker & McCullough*, 546 F.3d 1271, 1273 (10th Cir. 2008) ("A Ponzi scheme is "[a] fraudulent investment scheme").  In short, the use of the term is a method of short-handing the elements of the instant offenses that the government is required to establish to prove the evidence beyond a reasonable doubt, and garner a conviction of Mr. Koerber. Thus, the use of the term is irrelevant and unnecessary and properly excluded under Fed. R. Evid. 401.Additionally, the use of the recognizable term is inherently prejudicial and should properly be excluded under Fed. R. Evid. 403. The term "Ponzi" originated with a con artist by the name of Carlos or Charles Ponzi and has become synonymous in popular culture with numerous, well-known criminal enterprises – but not generally understood with a specific definition. It is a pejorative label, the represents a conclusive presumption that fraud has occurred without having to be bothered with details. Because the terminology has gained infamy and notoriety in this manner, its use is inherently inflammatory and prejudicial to Mr. Koerber's defense without good cause. This type of inflammatory and prejudicial language is properly excludable under Fed. R. Evid. 403. As discussed in *Dowdy*, the Court is within its discretion to prohibit the use of inflammatory language where no legitimate value is accomplished by its use, rather than more common, non-pejorative and non-prejudicial language.

    Finally, to say that Mr. Koerber's business or enterprise was a "Ponzi scheme" or that payments alleged in the indictment were in fact "Ponzi payments", is an ultimate question of fact for the jury – but by another name.  Specifically, the jury will be charged with weighing the evidence presented to determine, *inter alia*, if Mr. Koerber's business was a venture that he knew

or should have known was unsound all along.  *United States v. Chavis*, 461 F.3d 1201, 1208 (10th Cir. 2006) quoting *States v. Hopkins*, 744 F.2d 716, 718 (10th Cir.1984) (en banc) ("A defendant is not guilty of mail fraud if he "in good faith believed that the plan would succeed, that the promises made would be kept and the representations carried out.")

Allowing the use of the term Ponzi scheme to characterize Mr. Koerber's business is not only pejorative and prejudicial but there is a reasonable risk it would invite the jury to reverse the elements necessary to prove fraud and not evaluate the facts pertaining to Mr. Koerber's good faith belief in his business, enterprise and actions. *See Conroy v. Shott*, 363 F.2d 90, 92 (6th Cir. 1966)(In a "Ponzi scheme" the "question of intent to defraud is not debatable.") Federal bankruptcy law is instructive on this point. Under old and current bankruptcy law, a trustee in bankruptcy is allowed to recover as preferential and fraudulent transfers, at least some payments made by the debtor to investors in a "Ponzi scheme." *See e.g. Cunningham v. Brown,* 265 U.S. 1, 44 S.Ct. 424, 68 L.Ed. 873 (1924); *Henderson v. Allred (In re Western World Funding, Inc.),* 54 B.R. 470 (Bankr.D.Nev.1985); *Lawless v. Anderson (In re Moore),* 39 B.R. 571 (Bankr.M.D.Fla.1984). *See also Rosenberg v. Collins,* 624 F.2d 659 (5th Cir.1980) (not a pure Ponzi scheme); *Edmondson v. Bradford-White Corp. (In re Tinnell Traffic Servs., Inc.),* 41 B.R. 1018 (Bankr.M.D.Tenn.1984) (fraudulent transaction).

The law has developed to show that mere allegations of a "Ponzi" scheme can be misleading, incomplete and complicated, and so can the so called "signs" of a Ponzi-scheme. *See e.g. In re Universal Clearing House Co.*, 60 B.R. 985, 995 (D. Utah 1986). Thus, a trustee is required **to prove** specific elements to establish that an alleged "Ponzi scheme", is in reality such a Ponzi-scheme, before the consequence of the law is invoked. Unfortunately, allowing the use of the term here would offer Mr. Koerber no such protection.

4

The law recognizes that there are many circumstances colloquially referred to as "Ponzi schemes", that are not in line with the legal standard.  For example, the fact that a business "never actually made a profit" or that businesses do not engage in "activities they were set up to undertake" are not necessarily "Ponzi schemes." *In re Universal Clearing House Co.*, 60 B.R. at 995. (D. Utah 1986). In contrast, there are circumstances, where the elements of an scheme can be disproven and the allegation of a "Ponzi" structure defeated.  "By definition, a Ponzi scheme is driven further into insolvency with each transaction." *In re Universal Clearing House Co.*, 60 B.R. at 999,   In Mr. Koerber's case proof that "each transaction" was of a legitimate character would rebut the substance of a "Ponzi" allegation, but my not overcome the pejorative use of the label being applied since the same structures employed by the federal bankruptcy courts are not at play, and if they were, would needlessly complicate the jury's task and Mr. Koerber's ability to fairly defend. Mr. Koerber will defend in this matter that his business consisted of legitimate activity and that the loans alleged in the indictment were based on real economic substance. But, the use of the casually invoked pejorative "Ponzi scheme" or "Ponzi payment" could reasonably create confusion or bias in examining this very issue.

Thus, the use of the term "Ponzi" represents more than a pejorative word, it is the expression of an opinion with an implied conclusions. The rules of evidence don't allow this. The common place invocation of the term is not discerning, it is made and adopted casually, and from the witness stand that would surely be the case. See e.g. *Smith v. Atl. Richfield Co.*, 814 F.2d 1481, 1485 (10th Cir. 1987) (finding that without the required "specialized knowledge" the testimonial views are impermissible "opinion" that could not lawfully "assist the trier of fact." (Applied to expert witness testimony under Rule 702(b)).  An opinion on the ultimate issue of

"fraud" via "Ponzi scheme" is inadmissible under Rule 704(b). The same would be prohibited by lay witnesses under Rule 701.

## CONCLUSION:

The term Ponzi is neither necessary nor indispensable to prove the elements alleged, its common use is pejorative and prejudicial, and ultimately the invocation of the word "Ponzi" has a built-in presumption or conclusions, based upon an opinion that is not directly related to the elements of the alleged crimes, and which is impermissible under the above cited rules. Defendant, Claud R. Koerber, therefore respectfully requests this Court exclude the use of the terms "Ponzi" or "Ponzi Scheme."

RESPECTFULLY SUBMITTED this 26 day of July 2017.

*/s/ Rebecca Hyde Skordas*

Rebecca Hyde Skordas (#6409)
Skordas Caston & Hyde, LLC
rskordas@schhlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2017, I filed a true and correct copy of the foregoing **MOTION IN LIMINE TO EXCLUDE USE OF THE TERMS "PONZI" OR "PONZI SCHEME"** with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

>Stewart C. Walz Assistant United States Attorney
>stewart.walz@us.doj.gov
>Tyler Murray, Assistant United States Attorney
>tyler.murray.2@usdoj.gov
>Ruth Hackford-Peer, Assistant United States Attorney
>ruth.hackford-peer@usdoj.gov
>Aaron B. Clark, Assistant United States Attorney

>   /s/ Rebecca Hyde Skordas
>SKORDAS, CASTON & HYDE